Chef Chloe, LLC v Wasser (2019 NY Slip Op 00571)





Chef Chloe, LLC v Wasser


2019 NY Slip Op 00571


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Renwick, J.P., Richter, Mazzarelli, Webber, Kern, JJ.


8243 653041/16

[*1]Chef Chloe, LLC, etc., Plaintiff-Appellant,
v
Samantha Wasser, et al., Defendants, ESquared Hospitality LLC, Defendant-Respondent, CCSW LLC, Nominal Defendant.
ESquared Hospitality LLC, etc., Counterclaim and Third-Party Plaintiff-Respondent,
v
Chef Chloe, LLC, Counterclaim Defendant-Appellant, Chloe Coscarelli, Third-Party Defendant-Appellant.


Robins Kaplan LLP, New York (Ronald J. Schutz of counsel), for appellants.
Pryor Cashman LLP, New York (Philip R. Hoffman of counsel), for respondent.



Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered November 16, 2017, upon an arbitration award, to the extent appealed from as limited by the briefs, declaring that plaintiff was terminated for cause pursuant to the terms of an operating agreement between the parties, unanimously affirmed, with costs.
Plaintiff seeks vacatur or modification of the arbitration award on the sole ground that the arbitrator exceeded her authority by granting relief that was not specifically demanded in defendant's statement of claim (see CPLR 7511[b], [c]; Frankel v Sardis, 76 AD3d 136, 139 [1st Dept 2010]). The arbitrator found that plaintiff could be terminated as Service Member from nominal defendant CCSW LLC "for cause," as that term was defined in the parties' operating agreement. The record demonstrates that the parties submitted evidence, including testimony, and advanced arguments concerning the issue of for-cause termination and that defendant described the conduct by plaintiff that supported for-cause termination in detailed allegations in the statement of claim and in the answer with counterclaims that it had filed in this action, which was annexed to the statement of claim. In the operating agreement, the parties had agreed that all disputes concerning the terms of the agreement would be submitted to arbitration and that they would be bound by the arbitrator's award. "The language of arbitration demands is not subject to the strict standards of construction applicable to formal court pleadings" (id. at 140). To hold that the arbitrator was acting outside the scope of her authority when she determined that plaintiff had been terminated for cause "would unnecessarily elevate form over substance and preclude an otherwise meritorious arbitration award merely because" the statement of claim did not [*2]specifically demand that relief (id. at 141).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK